UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA NIESEN

        Plaintiff,

-v-

MICHAEL FORT,
In His Individual Capacity,

        Defendant.
_____/

Case No.: 21-_____

Hon. _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jessica Niesen, by her attorneys, Giroux Trial Attorneys, P.C., for her Complaint against the above-named Defendant, Michael Fort, states as follows:

### JURISDICTION AND VENUE

1. This is a civil action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution against Defendant, Michael Fort, in his individual capacity.

2. This court has jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue lies in the Western District of Michigan pursuant to 28 U.S.C. §1391(b). The unlawful actions alleged in this Complaint took place within the City of Ludington, in Mason County, which is located within the Southern Division of the Western District of Michigan.

4. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

## **PARTIES**

5. The Plaintiff, Jessica Niesen, is, and at all times relevant to this action was, a resident of the City of Ludington, County of Mason, State of Michigan.

6. Upon information and belief, Defendant, Michael Thomas, is a citizen of the State of Michigan and was, at all times relevant to this action, employed as a law enforcement officer by the Ludington Police Department.

7. On October 22, 2020, at the time of the events alleged in this Complaint, Defendant, Michael Fort, was at all times acting in his individual capacity within the course and scope of his employment as an officer of the Ludington Police Department and under color of law.

## **FACTUAL ALLEGATIONS**

8. On or about October 22, 2020, Plaintiff, Jessica Niesen, was a victim of domestic violence.

9. The Ludington Police Department dispatched officers to Jessica's residence to investigate the domestic violence incident.

10. Defendant Fort was one of the officers that responded to the scene.

11. Defendant Fort took Plaintiff's statement of the domestic violence incident as Plaintiff stood outside on a neighbor's lawn holding her visibly shaken 18-month old daughter in her arms.

12. Plaintiff reported to Defendant Fort that she was so frightened during the domestic violence incident that she urinated on herself.

13. Defendant Fort challenged Plaintiff's credibility and version of events.

14. Plaintiff offered to show Defendant Fort the wet carpeting in the apartment and told him that she could change out of her pants and provide them to him as evidence of the violent incident.

15. As the distraught Plaintiff held her 18-month old daughter in her arms, Defendant Fort, without any consent or warning, groped Plaintiff's vaginal area, slowly rubbed his hand up and down her vaginal area three times, and then smelled his hand.

16. Plaintiff did not consent to the aforedescribed search of her person; rather, she felt seized, not free to leave the scene, and that she had no choice but to submit to the authority and commands of Defendant Fort.

17. At all times relevant hereto, Defendant Fort lacked reasonable suspicion to conduct a *Terry* frisk of Plaintiff.

18. At all times relevant hereto, Defendant Fort lacked reasonable suspicion to conduct a pat down search of Plaintiff.

19. At all times relevant hereto, Defendant Fort lacked probable cause to arrest Plaintiff and, therefore, she was not contemporaneously subjected to a lawful custodial arrest at the time of his search of her.

20. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained physical pain and suffering and emotional distress.

## COUNT I - 42 U.S.C. 1983 - VIOLATION OF THE FOURTH AMENDMENT

21. Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

22. At all relevant times, with regard to the above-described incident, Plaintiff was entitled to all rights, privileges, and immunities accorded to free citizens of the State of Michigan and of the United States.

23. At all times relevant, Plaintiff had a clearly established right to be free from unreasonable searches and seizures of her person pursuant to the Fourth Amendment to the United States Constitution, which is made applicable to the States through the Due Process Clause of the Fourteenth Amendment.

24. At all times relevant, as a police officer acting under color of law, Defendant was required to obey the laws of the United States, including those laws identified under the Fourth Amendment to the United States Constitution.

25. In violation of Plaintiff's clearly established constitutionally-protected rights under the Fourth Amendment to the United States Constitution, Defendant subjected Plaintiff to an unreasonable search and seizure, thereby causing Plaintiff to suffer great discomfort embarrassment, mortification, humiliation, degradation and anguish.

26. Defendant's conduct in groping Plaintiff's vaginal area, slowly rubbing his hand up and down her vaginal area three times and smelling his hand was objectively unreasonable and clearly excessive in light of the circumstances existing at the time and violated Plaintiff's Fourth Amendment rights.

27. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendant is liable to Plaintiff for all damages allowed under federal law and the Michigan damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

28. The conduct of Defendant was, and remains, extreme and outrageous, subjecting Defendant to punitive damages.

29. As a direct and proximate result of Defendant's violation of Plaintiff's clearly established, constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

   a. Physical pain and suffering;

   b. Mental anguish;

   c. Severe emotional distress;

   d. Fright and shock;

   e. Denial of social pleasures and enjoyment;

   f. Humiliation or mortification;

   g. Reasonable medical bills and expenses for the past, present and future;

   h. Punitive damages;

   i. Exemplary damages; and

   j. All other damages properly recoverable under law.

WHEREFORE, Plaintiff, Jessica Niesen, respectfully requests this Honorable Court enter a judgment in his favor against Defendant and award compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees.

Respectfully submitted,

/s/ Robert M. Giroux
ROBERT M. GIROUX (P-47966)
Attorneys for Plaintiff
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665
rgiroux@greatmiattorneys.com

Dated: May 6, 2021

-6-

## **JURY DEMAND**

Plaintiff, Jessica Niesen, through her attorneys, Giroux Trial Attorneys, P.C., hereby demands Trial by Jury in this matter.

Respectfully submitted,

/s/ Robert M. Giroux
ROBERT M. GIROUX (P-47966)
Attorneys for Plaintiff
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665
rgiroux@greatmiattorneys.com